# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KENNETH RAY JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV411-278 |
| SHERIFF AL ST. LAWRENCE and OFFICER WIBB, *Property Officer*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Kenneth Ray Johnson's 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted him leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28

U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Johnson asserts a claim for the deprivation of his personal property upon his November 12, 2010 release from the Chatham County Detention Center. (He has since been re-arrested and is again detained there.) (Doc. 1 at 5.) Upon his release, all of his personal belongings other than his wrist watch were missing.[1] (*Id.* at 5.) He names as defendants Officer Wibb, the officer in charge of property, and Sheriff Al St. Lawrence, who oversees the detention center. (*Id.* at 1.) Johnson asks that they be forced to reimburse him for the lost property and pay all of his court costs. (*Id.* at 6.)

---

[1] Specifically, he did not receive his 3/4 karat earrings, Timberland boots, Ecko jeans, Ecko t-shirt, brown belt, socks, or underwear. (Doc. 1 at 5.)

2

Johnson has not pled any facts showing that the loss was intentional or involved deliberate indifference to his constitutional rights. At best, he has pled a negligent deprivation claim, and the United States Supreme Court has held that the negligent deprivation of personal property by a police officer does not constitute a violation of the due process clause. *Daniels v. Williams*, 427 U.S. 327, 330-31 (1986) (negligent loss of property is not actionable under the due process clause).[2] Indeed, even had he alleged that Officer Wibb and Al St. Lawrence intentionally converted his property to their own use, his claim would still fail, since state law affords a meaningful post-deprivation remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984). Under Georgia law, a prisoner is provided with a mechanism for

---

[2] Johnson has not pled any facts connecting Sheriff Al St. Lawrence to the deprivation. It appears that Johnson named St. Lawrence based solely upon his supervisory position over the detention center. Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1998) (per curiam). Since Johnson has not pled facts showing that St. Lawrence directly participated in the alleged constitutional deprivation or implemented some policy, or tolerated some unofficial practice or custom, under which the violation occurred, his claim against him fails. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985).

pursuing a post-deprivation remedy. *See* O.C.G.A. § 51-10-1 (providing a cause of action in tort for the wrongful deprivation of personal property). This provision provides an adequate post-deprivation remedy to plaintiff in the instant case, and to the extent that the "seizure" of plaintiff's property was tortious, plaintiff is free to pursue his remedies in the state courts. *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991).[3] Plaintiff's claim therefore fails.

Johnson has failed to state a claim for relief, and his complaint bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 425-27 (11th Cir. 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment

---

[3] Plaintiff does not allege that he was prevented from pursuing a state law claim under O.C.G.A. § 51-10-1. As such, he cannot claim that the deprivation of property was unconstitutional as applied to him.

4

may not have been futile). Accordingly, this case should be **DISMISSED**.

Meanwhile, Johnson must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $4. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian shall deduct $11.50 from Johnson's s account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented

immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this <u>19th</u> day of January, 2012.

                                */s/ G.R. Smith*
                                UNITED STATES MAGISTRATE JUDGE
                                SOUTHERN DISTRICT OF GEORGIA